UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE GRAHAM,

                              Petitioner,

            -against-

LYNN LILLEY, Superintendent of Eastern Correctional Facility,

                              Respondent.

23-cv-5267 (AS) (RWL)

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND MODIFYING IN PART

ARUN SUBRAMANIAN, United States District Judge:

Following a jury trial in state court, Eugene Graham was convicted of second-degree murder and second-degree weapons possession.[1] He appealed: the Appellate Division affirmed his conviction in a reasoned decision, and then the New York Court of Appeals summarily denied his application for leave to appeal. Graham then filed a federal petition for a writ of habeas corpus, in which he raises two claims that Harvey Slovis, his trial attorney, violated his Sixth Amendment right to effective assistance of counsel. The first is a conflict-of-interest claim, and the second is a failure-to-investigate claim under *Strickland v. Washington*, 466 U.S. 668 (1984).

Graham's petition was referred to Magistrate Judge Robert W. Lehrburger for a Report and Recommendation. Dkt. 5. In the Report and Recommendation filed on April 22, 2025, Magistrate Judge Lehrburger recommended that the petition be denied. Dkt. 29. The Court ADOPTS IN PART the Report and Recommendation, including its conclusion that Graham's petition must be denied.

## LEGAL STANDARDS

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

---

[1] The Court adopts and incorporates the Report and Recommendation's Factual Background section, Dkt. 29 at 1–9, which the parties did not object to, and which contains no clear error on its face. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The Court highlights a few aspects of that background here.

In cases arising on federal habeas review of a state-court conviction, the Court's review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a district court may not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

## DISCUSSION

Graham says the Report and Recommendation is incorrect and the Court should grant his petition because his two claims are exhausted, not procedurally defaulted, and succeed on the merits. But even if Graham were able to surmount all procedural hurdles, his claims would still fail to clear AEDPA's high bar to relief.[2] So the Court modifies the Report and Recommendation as described below and otherwise adopts its factual findings and ultimate recommendation to deny Graham's petition.

### A.  Graham's claims fail on the merits under AEDPA's deferential review

Under AEDPA, if a state appellate court summarily affirms a decision, the federal habeas court "'look[s] through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "then presume[s] that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). Here, the New York Court of Appeals summarily denied Graham's application for leave to appeal, Dkt. 3-3 at 2, so the Court reviews the reasoning in the Appellate Division's opinion, *People v. Graham*, 201 A.D.3d 143 (1st Dep't 2021); Dkt. 3-1.

"Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to 'train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims' and to give appropriate deference to that decision." *Wilson*, 584 U.S. at 125 (quoting *Hittson v. Chatman*, 135 S. Ct. 2126, 2126 (2015) (Ginsburg, J., concurring

---

[2] In other words, the Court declines to adopt the Report and Recommendation's conclusion that Graham's claims are unexhausted and procedurally defaulted. The Court assumes without deciding that Graham properly exhausted his claims. And it agrees with the parties' view that Graham's claims aren't barred by procedural default. *See* Dkt. 32 at 3 (citing Report and Recommendation, Dkt. 29 at 20–21, 28–29); Dkt. 33 at 19. As respondent explains, Graham technically "retains the right to bring a postconviction motion alleging ineffective assistance of counsel" under N.Y.C.P.L. § 440.10(2)(b)–(c) "even though he could have raised that claim on direct appeal." That's because these provisions contain a carveout that allows motions based on "ineffective assistance of counsel" to proceed despite circumstances that would otherwise require denial, and that carveout was added *after* the case on which the Report and Recommendation relies to conclude the opposite. *See* Dkt. 29 at 20 n.7 (relying on *Sweet v. Bennett*, 353 F.3d 135, 139–40 (2d Cir. 2003)). Relevant here, Graham "withdraws his request for any stay [of his petition] pending the resolution of [a § 440.10] motion." Dkt. 33 at 20; *see* Dkt. 35 (confirming that Graham "does not ask the Court to stay his petition pending a potential motion under C.P.L. § 440.10").

in the denial of certiorari)). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Here, the state courts made two reasonable determinations that doom Graham's petition: (1) "[Graham] has not shown that counsel's lapses deprived him of any useful information or negatively impacted his ability to mount a defense," *Graham*, 201 A.D.3d at 150, and (2) "[a]ssuming the existence of an independent conflict that would support an ineffective assistance claim, defendant's argument still lacks merit . . . [because] defendant cannot 'demonstrate that the conduct of his defense was in fact affected by the operation of the conflict of interest,'" *id.* at 151–52 (quoting *People v. Alicea*, 61 N.Y.2d 23, 31 (1983)).[3]

As a matter of law, those reasonable determinations foreclose both of Graham's federal claims. Graham's conflict-of-interest claim relies on *Cuyler v. Sullivan*, 446 U.S. 335 (1980), under which "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Id.* at 349–50. Even assuming without deciding that Graham has shown an actual conflict [relating to the *Gomberg* hearing], he must also show the conflict "actually affected the adequacy of his representation." *Id.* at 349. He can't do that under AEDPA's standards, because the state courts reasonably determined that he "has not shown that counsel's lapses deprived him of any useful information or negatively impacted his ability to mount a defense." *Graham*, 201 A.D. 3d at 150. Next, Graham's *Strickland* claim requires him to show prejudice, but that claim fails for the same reason: The state courts reasonably determined that Graham suffered no adverse impact from Slovis's lapses. *Id.* at 151–52.

Graham doesn't seem to disagree with the legal principles set forth above, but he rejects the state courts' determination of the underlying facts. As to the conflict-of-interest claim, Graham says the state courts' determination was unreasonable because Slovis had an actual conflict that produced three lapses in representation. First, that Slovis "prevented Graham from receiving independent counsel at the critical moment when such advice could have changed the case's trajectory." Dkt. 33 at 14. Second, that Slovis falsely represented that the alibi defense was his "only defense," which "created a secondary conflict that locked him into pursuing a demonstrably weak trial strategy." *Id.* Third, that "his conflict hamstrung even the alibi defense's presentation" and further showed that he shouldn't have put on that defense at all. *Id.*

---

[3] The Court assumes without deciding that Graham properly exhausted the two claims he raises here. But to do so, the Court must also assume that Graham fairly presented his federal claims and their factual basis to the state courts. *See* Dkt. 33 at 2, 3, 7, 10, and 15 (Graham asserting that the federal claims were fairly presented to the state courts). That requires the Court to assume that the Appellate Division's determinations—namely, that Graham cannot show that any of Slovis's lapses or conflicts adversely impacted his defense—refer to the same lapses and conflicts Graham identifies in his objections to the Report and Recommendation.

But the state courts reasonably concluded otherwise. First, to show an adverse impact, Graham would need to argue that Slovis's conflict "actually affected" the adequacy of Slovis's representation of Graham. *Cuyler*, 446 U.S. at 349; *see also, e.g.*, *Mickens v. Taylor*, 535 U.S. 162, 173 (2002) ("[P]rejudice will be presumed only if the conflict has significantly affected counsel's performance—thereby rendering the verdict unreliable, even though *Strickland* prejudice cannot be shown."). It was reasonable for the Appellate Division to conclude that Slovis's actions didn't adversely affect Slovis's representation of Graham, as the Report and Recommendation confirms. *See Graham*, 201 A.D.3d at 150–51 ("[D]efendant has not shown that counsel's lapses deprived him of any useful information or negatively impacted his ability to mount a defense. Defendant only speculates that a proper investigation and trial preparation might have yielded something helpful to the defense . . . ."). Plus, Graham asked to keep Slovis as his lawyer, and the court still appointed a second attorney for Graham, unburdened by any purported conflict, who provided Graham with objective advice. *Id*. at 147 (noting that the court "took the unusual but prudent step of appointing cocounsel"). That further undercuts Graham's argument.

Second, Slovis wasn't forced to pursue a weak alibi defense at trial. The Appellate Division reasonably determined that "if the court allowed the [alibi] defense, no [ethical] problem would exist." *Id.* And the court allowed the alibi defense, so Slovis wasn't "locked into" pursuing it for fear of disciplinary sanctions. *See* Dkt. 29 at 23 ("But once the trial court granted Slovis permission – before trial – to pursue the alibi defense, the threat of disciplinary action and any resulting conflict of interest vanished."). Graham then contends that "Slovis's conflict adversely affected Graham's case even *before* the court allowed the alibi defense" but doesn't explain how (aside from his first argument, which the Court rejects). Dkt. 33 at 11. That's not enough to show the state courts' opposite conclusion was unreasonable.

Third, the Appellate Division didn't unreasonably apply the law or determine the facts in holding that "[Graham] has not shown that counsel's lapses deprived him of any useful information or negatively impacted his ability to mount a defense," or that he failed to show that "the conduct of his defense was in fact affected by the operation of the conflict of interest," *Graham*, 201 A.D.3d at 150–51, despite the fact that Slovis presented an alibi defense at trial. As the Report and Recommendation correctly notes, "the trial court specifically instructed the jury not to consider as inculpatory the failure to establish an alibi defense," Dkt. 29 at 33. Plus, "an alibi defense is compatible, not mutually exclusive, with a misidentification defense," and "[e]ach defense even may reinforce the other," *id.* at 27. It wouldn't be unreasonable to conclude that the jury followed the court's instruction, or that the alibi defense could have bolstered the misidentification defense.[4]

---

[4] That reasonable conclusion also rebuts Graham's subsidiary argument that Slovis's "availability was implicated in the prosecution's questioning of Graham's alibi witnesses" such that the Court "'cannot conclude that the legal representation [petitioner] received was untainted by the potentially conflicting obligations of his trial counsel.'" Dkt. 33 at 13 (quoting *Ventry v. United States*, 539 F.3d 102, 116 (2d Cir. 2008)). What's more, *Ventry*—which didn't apply AEDPA deference—implicitly held that fairminded jurists *could* disagree on the issue: "On the present record, we cannot conclusively resolve Ventry's ineffectiveness of counsel claim. Indeed, the district court should not extrapolate from our analysis that there is only one possible conclusion in that regard." 539 F.3d at 115.

*See Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("§ 2254(d) requires a habeas court to determine what arguments or theories supported, or *could have supported*, the state-court decision" (emphasis added)).

As to his failure-to-investigate claim, Graham argues that "Slovis's uninvestigated alibi defense created a reasonable probability of a different outcome by 1) precipitating his conflict of interest that prevented Graham from receiving independent counsel advice; 2) providing the prosecution with consciousness-of-guilt evidence through phone records and family witness impeachment; and 3) undermining Graham's strongest defense." Dkt. 33 at 19.

These arguments tread the same ground and also come up short. The first argument fails for the same reasons discussed above. The second and third arguments fail because "fairminded jurists could disagree" about whether there's a reasonable probability that a trial without the phone records, family impeachment, and alibi defense would have affected the jury's verdict. *Harrington*, 562 U.S. at 102. This is especially true given that one witness identified Graham as the shooter, *see* Dkt. 29 at 6–7, another confirmed that he was at the crime scene, *see id.*, and Graham fails to "identify a single piece of exculpatory evidence a proper investigation would have yielded," *id.* at 31.[5]

---

[5] Graham relies on *Henry v. Poole*, 409 F.3d 48 (2d Cir. 2005) to assert that his alibi defense weakened his stronger misidentification defense enough to justify relief under *Strickland*. Dkt. 33 at 17–18. But the AEDPA standard applied in *Henry* was abrogated because it was insufficiently deferential. *See Englert v. Lowerre*, 115 F.4th 69, 83 n.13 (2d Cir. 2024). And unlike in this case, the jury's verdict in *Henry* was suggested to be "only weakly supported by the record," *Henry*, 409 F.3d at 67, and there was no curative instruction, *id.* at 71 ("presentation of a false alibi can be taken as evidence of consciousness of guilt").

**CONCLUSION**

The Court ADOPTS the recommendation to deny Graham's petition and MODIFIES the Report and Recommendation as detailed above.

The remaining issue is whether to grant a certificate of appealability. For a certificate of appealability to issue, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That requires a petitioner to demonstrate that reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). While Graham hasn't shown that reasonable jurists could debate whether "the petition should have been resolved in a different manner," given AEDPA's requirements, the Court finds that the issues that have been presented are "adequate to deserve encouragement to proceed further." The conduct of Graham's counsel concerning the alibi defense, and his preceding failure to investigate Graham's case, raise concerns. Given the stakes for Graham, foreclosing further review is unwarranted. Accordingly, the Court GRANTS a certificate of appealability.

The Clerk of Court is respectfully directed to enter judgment for respondent and close this case.


SO ORDERED.

Dated: February 6, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

6